UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TROY LEWIS MCCLURE,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 2:17-cv-00106-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 and 13. The motions were heard without oral argument.

Plaintiff brings this action challenging the denial of disability benefits pursuant to 42 U.S.C. § 405(g). For the reasons set forth below, the Court **grants** Defendant's Motion for Summary Judgment, ECF No. 13, and **denies** Plaintiff's Motion for Summary Judgment, ECF No. 12.

## ADMINISTRATIVE PROCEEDINGS

Troy McClure protectively filed an application for supplemental security income on October 24, 2011, alleging disability beginning January 1, 2003. AR 226-231. His application was denied initially on October 24, 2011, and upon reconsideration on June 6, 2012. AR 143-146. Thereafter, Mr. McClure filed a written request for hearing before an Administrative Law Judge ("ALJ"). AR 147.

//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 1**

ALJ Marie Palachuk held a video hearing on August 21, 2013 (the "first hearing"). AR 108. At the hearing, Mr. McClure amended the alleged onset date of disability to October 24, 2011. *Id*. ALJ Palachuk issued a decision on September 9, 2013, finding Mr. McClure ineligible for disability benefits. AR 105-128. The Appeals Council granted Mr. McClure's request for review and remanded the case back to ALJ Palachuk for a second hearing. AR 129.

Pursuant to the remand order, ALJ Palachuk held a second video hearing on October 7, 2015 (the "second hearing"). AR 20. ALJ Palachuk issued a decision on October 28, 2015, again finding Mr. McClure ineligible for disability benefits. AR 17-44. The Appeals Council denied Mr. McClure's request for review. AR 1-6.

Mr. McClure timely filed the present action challenging the denial of disability benefits pursuant to 42 U.S.C. § 405(g). ECF No. 1.

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner of Social Security has established a five-step sequential evaluation process for determining whether a claimant meets the definition of disabled under the Social Security Act. 20 C.F.R. § 404.1520(a)(4); *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).

At step one, the ALJ must determine whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. § 404.1572. If the individual is engaged in substantial gainful activity, he or she is not disabled. 20 C.F.R. § 404.1571. If not, the ALJ proceeds to step two.

At step two, the ALJ must determine whether the claimant has a severe medically determinable impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe medically determinable impairment or combination of impairments, he or she is not disabled. If the ALJ finds the claimant does have a severe impairment or combination of impairments, the ALJ proceeds to step three.

At step three, the ALJ must determine whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. If not, the ALJ proceeds to the fourth step.

Before considering step four, the ALJ must determine the claimant's "residual functional capacity." 20 C.F.R. § 404.1520(e). An individual's residual functional capacity is his or her ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. § 404.1545(a)(1). In making this finding, the ALJ must consider all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3).

At step four, the ALJ must determine whether the claimant's residual functioning capacity allows the claimant to perform past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant can still perform past relevant work, he or she is not disabled. If the ALJ finds

the claimant cannot perform past relevant work, the analysis proceeds to the fifth and final step.

At step five, the burden shifts to the Commissioner to prove the claimant is able to perform other work in the national economy, taking into account claimant's age, education, work experience, and residual functioning capacity. 20 C.F.R. § 404.1520(g). To meet this burden, the Commissioner must establish (1) the claimant is capable of performing other work; and (2) such work exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 388-89 (9th Cir. 2012).

## STANDARD

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under section 405(g) is limited, and the Commissioner's decision will be disturbed "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Shaibi v. Berryhill*, 870 F.3d 874, 878 (9th Cir. 2017). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C § 405(g).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonable dawn from the record." *Molina*, 674 F.3d at 1111.

Moreover, a district court "may not reverse and ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115. The burden of showing an error is

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 4**

harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## STATEMENT OF FACTS

The facts of this case are set forth in detail in the transcript of the proceedings, and accordingly, are only briefly summarized here. Troy McClure was born on August 28, 1968. He was forty-seven years old at the time of the second hearing before ALJ Palachuk. Mr. McClure has a high school diploma, and his previous work experience includes work as a material handler, industrial cleaner, furniture assembler, sand blaster, cook helper, and kitchen helper. Due to physical and mental health issues, Mr. McClure has been unable to sustain competitive employment on a regular and continuing basis since October 2011.

## ALJ PALACHUK'S FINDINGS

**At step one**, the ALJ found Mr. McClure has not engaged in substantial gainful activity since October 24, 2011, the alleged onset date of disability (citing 20 C.F.R. § 416.971 *et seq*). AR 23.

**At step two**, the ALJ found Mr. McClure had the following severe impairments: obesity; non-insulin dependent diabetes mellitus; neuropathy; lumbar degenerative disc disease of the lumbar spine; major depressive disorder; anxiety disorder, not otherwise specified; pain disorder; intermittent explosive disorder; and polysubstance dependence in sustained full remission (citing 20 C.F.R. § 416.920(c)). AR 23.

**At step three**, the ALJ found Mr. McClure does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404 Subpt. P. App. 1 (citing 20 C.F.R. §§ 416.920(d), 416.925 and 416.926). AR 24.

Before reaching step four, the ALJ found Mr. McClure has the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967(b), with the following limitations:

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 5**

- Mr. McClure can occasionally perform postural activities but can never climb ladders, ropes, or scaffolds;
- Mr. McClure must avoid all exposure to hazards such as unprotected heights and dangerous moving machinery;
- Mr. McClure can understand, remember, and carry out simple and routine tasks and instruction involving up to three-step commands;
- Mr. McClure is able to maintain attention and concentration for two-hour intervals between regularly scheduled breaks;
- Mr. McClure can adapt to no more than seldom changes in the work routine and will require ten percent more time than average employee to adapt to those changes when they occur;
- Mr. McClure should perform decision-making on no more than a seldom basis;
- Mr. McClure should perform work dealing with things rather than people; and
- Mr. McClure can perform work in an essentially isolated environment with only occasional supervision and no interaction with the general public.

AR. 27.

Moreover, at the second hearing, Mr. McClure's counsel stipulated that the testimony of the vocational expert in the first hearing, with respect to Mr. McClure's past relevant work, was accurate. AR 37. Thus, the ALJ found the following constitutes Mr. McClure's past relevant work:

- Material handler, which is very heavy, semi-skilled work;
- Industrial cleaner, which is heavy, unskilled work;
- Furniture assembler, which is heavy, semi-skilled work;
- Sand blaster, which is heavy, unskilled work;
- Cook helper, which is medium, unskilled work; and
- Kitchen helper, which is very heavy, unskilled work.

AR. 37.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 6**

Considering his residual functional capacity, **at step four** the ALJ found Mr. McClure unable to perform any past relevant work (citing 20 C.F.R. § 416.965). AR 37. **At step five**, however, the ALJ found Mr. McClure can perform other work in the national economy, taking into account his age, education, work experience, and residual functional capacity. AR 38. In making this finding, the ALJ asked the vocational expert a hypothetical using Mr. McClure's age, education, work experience, and residual functional capacity to do light work, with the limitations stated above. *Id*. The vocational expert testified that given all of these factors, such an individual would be able to perform the requirements of occupations such as housekeeping cleaner, marker-pricer, and cannery worker. *Id*. Jobs that, according to the vocational expert, exist in significant numbers in the national economy. *Id*. Based on this testimony, ALJ Palachuk concluded that Mr. McClure was not disabled within the meaning of the Social Security Act.

## ISSUES FOR REVIEW

1. Whether the ALJ improperly discounted medical opinion evidence;
2. Whether the ALJ improperly discredited Mr. McClure's symptom claims;
3. Whether the hypothetical to the vocational expert included all of the limitations supported by substantial evidence.

## DISCUSSION

**The ALJ Did Not Err in Discounting Medical Opinion Testimony**

Plaintiff contends the ALJ improperly rejected the medical opinion evidence of Dr. Ryan Tolley; Dr. Jason Cash; Dr. Kim Nguyen; Aaron Burdge, Ph.D; and Eric Aronsohn, P.A. The Ninth Circuit distinguishes between three categories of medical providers when assigning the weight to be given to their opinions: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

"Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Lester*, 81 F.3d at 830. If a treating or examining provider's opinion is contradicted, it may be discounted only for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31. The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

i. **Dr. Ryan Tolley**

In January 2012, treating physician Dr. Tolley opined Mr. McClure could lift and/or carry no more than two pounds frequently, as well as stand for six hours in an eight-hour day. AR 571-72. Dr. Tolley further opined that Mr. McClure was able to stand and to walk for more than thirty to forty minutes at a time, AR 573, and concluded that Mr. McClure's physical impairments limited him to sedentary work. AR 575.

ALJ Palachuk discounted Dr. Tolley's medical opinion, as to Mr. McClure's lifting limitations, for two reasons. First, the ALJ concluded that Dr. Tolley's opinion was inconsistent with the overall record, particularly with the generally unremarkable spinal examinations documented throughout the treatment reports. AR 33. And second, ALJ Palachuk found Dr. Tolley's opinion inconsistent with Mr. McClure's self-reported daily activities, which include taking out the trash, preparing meals, and shopping for groceries. *Id*. However, ALJ Palachuk gave some weight to Dr. Tolley's opinion that Mr. McClure could stand for six hours a day, as it was consistent with treatment reports indicating Mr. McClure has normal gait and "did not appear to have difficulty ambulating." *Id*.

Plaintiff argues these are not valid reasons for discounting Dr. Tolley's medical opinion. First, Plaintiff claims the ALJ does not identify with specificity the spinal

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 8**

examination reports that show generally unremarkable findings. Moreover, Plaintiff asserts the ALJ failed to address an MRI, x-ray, and CT exams showing Mr. McClure's major back impairments.

Contrary to Plaintiff's assertion, ALJ Palachuk discussed in length specific examination and treatment reports that she interpreted to show generally unremarkable spinal findings. *See* AR 28-29. For example, ALJ Palachuk discussed treating physician Dr. Kim Nguyen's February 2011 and July 2011 treatment reports that show an absence of remarkable spinal findings. AR 447, 412. In fact, in the July 2011 treatment report, Dr. Nguyen found Mr. McClure only had paraspinal muscle tenderness to palpation at the lumbar spine. AR 412. An examination of all other areas, including gait and station, neurological functioning, and hips/lower extremities, were all found within normal limits. *Id*. ALJ Palachuk also discussed Dr. Tolley's October 2011 treatment report which indicated that, other than paraspinal muscle tenderness, Mr. McClure showed generally unremarkable spinal examination findings. AR 435. Moreover, ALJ Palachuk discussed several imaging reports, including a March 2007 MRI; a lumbosacral spine imaging report from August 2013; a July 2015 MRI; and a September 2015 CT exam. AR 29.

As highlighted above, ALJ Palachuk cited to specific medical evidence in the record, stated her interpretation thereof, and made a finding that this medical evidence contradicted Dr. Tolley's opinion as to Mr. McClure's lifting limitations. *See Magallanes*, 881 F.2d at 751 (holding that the ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.").

ALJ Palachuk's second reason for discounting Dr. Tolley's opinion also meets the standard set forth above. Inconsistency between a treating physician's opinion and a claimant's daily activities serves as a specific and legitimate reason for discounting a treating physician's opinion. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600-01 (9th Cir. 1999); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). In this case,

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 9**

ALJ Palachuk cites to Mr. McClure's daily activities which include taking out the trash, preparing meals, and shopping for groceries, as evidence that contradicts his purported lifting limitations.

Plaintiff claims this is not a valid reason for discounting Dr. Tolley's medical opinion because these activities do not show Mr. McClure can do more than sedentary work. However, ALJ Palachuk found Mr. McClure's daily activities were inconsistent with Dr. Tolley's opinion *as to Mr. McClure's lifting limitation*; not to suggest he is capable of more than sedentary work. AR 33. While Plaintiff offers his own interpretation of the record, "where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

In sum, the Court finds ALJ Palachuk provided "specific and legitimate reasons that are supported by substantial evidence in the record," for discounting a portion of Dr. Tolley's medical opinion. *Lester*, 81 F.3d at 830-31. For that reason, the Court finds no error.

### ii. Dr. Jason Cash

Dr. Cash evaluated Mr. McClure in October 2006, AR 373-76, and January 2007, AR 377, and opined that Mr. McClure was limited to sedentary work, with restrictions in his ability to balance, bend, climb, crouch, handle, kneel, pull, push, reach, sit, and stoop. AR 374-75, 378-79. In finding Mr. McClure ineligible for disability benefits, ALJ Palachuk did not discuss any of Dr. Cash's opinions. Plaintiff argues this was error.

ALJ Palachuk did not commit error in failing to discuss Dr. Cash's medical opinions. In making a determination of disability, the ALJ must develop the record and interpret the medical evidence. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). In doing so, the ALJ does not need to "discuss every piece of evidence." *Id*. (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). The ALJ is not required to discuss evidence that is neither significant nor probative. *Howard ex rel.*, 341 F.3d at 1012; *Vincent on*

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 10**

*Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r, Social Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

In this case, Dr. Cash's medical opinions were authored more than four years prior to the alleged onset date of disability. As such, they are too remote to be probative of Mr. McClure's functional capacity during the period at issue. For that reason, ALJ Palachuk was not required to address Dr. Cash's opinions. Thus, the Court finds no error.

### iii. Dr. Kim Nguyen

Treating physician Dr. Nguyen provided two medical source statements prior to the alleged onset date of disability. In a February 2011 evaluation, Dr. Nguyen opined Mr. McClure could lift five pounds frequently, stand for half an hour at a time and sit for half an hour per day, and would have postural restrictions. AR 444. Dr. Nguyen also opined Mr. McClure was limited to sedentary work. AR 447. In a July 2011 evaluation, Dr. Nguyen opined Mr. McClure was limited to sedentary work, with restrictions in his ability to balance, bend, climb, crouch, pull, push, and stoop. AR 413. The record also includes a September 2010 evaluation, AR 456-60, and an April 2010 evaluation, AR 472-75. ALJ Palachuk discussed only Dr. Nguyen's 2011 opinions.[1]

ALJ Palachuk gave little weight to Dr. Nguyen's medical opinions for three reasons. First, Dr. Nguyen's opinions predate the alleged onset date of disability; second, ALJ Palachuk found Dr. Nguyen's opinions inconsistent with the record as a whole, including Dr. Nguyen's own medical findings; and third, ALJ Palachuk found Dr. Nguyen's opinions at odds with Mr. McClure's reported range of functioning. Plaintiff contends these are not valid reasons for discounting Dr. Nguyen's opinions.

---

[1] The Court will not consider whether ALJ Palachuk's failure to discuss Dr. Nguyen's 2010 treatment reports constitutes error because such a challenge was not presented in Plaintiff's brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 11**

ALJ Palachuk provided "specific and legitimate reasons" for discounting the opinion of Dr. Nguyen. *Lester*, 81 F.3d at 830-31. First, "[m]edical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle*, 533 F.3d at 1165. Dr. Nguyen's treatment reports were authored months prior to Mr. McClure's alleged onset date of disability. Thus, it was entirely appropriate for ALJ Palachuk to discount Dr. Nguyen's opinions because they are somewhat less probative in determining Mr. McClure's functional capacity during the period at issue.

Second, internal inconsistencies serve as specific, legitimate reasons for rejecting a medical opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). In this case, Dr. Nguyen found that, aside from slow gait and station, all of Mr. McClure's body systems were within normal limits. AR 447. ALJ Palachuk found this to be inconsistent with Dr. Nguyen's opinions about Mr. McClure's physical limitations. AR 34. While Plaintiff offers his own interpretation of Dr. Nguyen's opinion, "where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld. *Burch*, 400 F.3d at 679.

Finally, as illustrated above, an ALJ may discount a treating physician's opinion to the extent it conflicts with a claimant's daily activities. *See Morgan*, 169 F.3d at 600-01. As was the case with Dr. Tolley's opinion, ALJ Palachuk made a finding that Mr. McClure's daily activities were at odds with Dr. Nguyen's opinion.

In sum, the Court finds ALJ Palachuk provided "specific and legitimate reasons that are supported by substantial evidence in the record," for discounting Dr. Nguyen's medical opinion. *Lester*, 81 F.3d at 830-31. For that reason, the Court finds no error.

### iv. Aaron Burdge, Ph.D.

In January 2012, examining psychologist Dr. Burdge opined that Mr. McClure "is unlikely to function adequately in a work setting until his psychological symptoms have been managed more effectively." AR 526.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 12**

ALJ Palachuk assigned little weight to Dr. Burdge's opinion because of the inconsistencies in his findings. AR 35. For example, Dr. Burdge found Mr. McClure has no limitation in his ability to understand, remember, and persist in simple tasks; or that Mr. McClure would be able to function best in setting that would not require him having to deal with a large number of coworkers and/or customers. AR 526.

Plaintiff contends this was not a valid reason for discrediting Dr. Burdge's opinion. Plaintiff claims that while there may have been normal finding in the examination, there were many abnormal findings. For example, Dr. Burdge noted Mr. McClure was angry and belligerent when he first presented at the office, and became angry and intimidating when he was not allowed to bring his mother in to the evaluation. AR 523.

The Court finds ALJ Palachuk provided "specific and legitimate reasons that are supported by substantial evidence in the record," for discounting the opinion of examining psychologist Dr. Burdge. *Lester*, 81 F.3d at 830-31. ALJ Palachuk cited several specific examples in Dr. Burdge's clinical observations and made a finding that they were inconsistent with, and undermined, his ultimate opinion. While Plaintiff offers his own interpretation of Dr. Burdge's observations of Mr. McClure, "where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch*, 400 F.3d at 679. Therefore, the Court finds no error.

### v. Eric Aronsohn, P.A.

Eric Aronsohn, P.A., treated Mr. McClure from June 2012 to October 2012. AR 656. Mr. Aronsohn opined that Mr. McClure needed to elevate his legs during the day and was unable to stand or sit more than twenty minutes at a time. AR 656. He further opined that Mr. McClure would be unable to work on a regular and continuous basis due to his standing limitations, and that he would miss four or more days of work per month. AR 657. Finally, Mr. Aronsohn opined that these limitations existed since August 2003.

Prior to March 2017, the regulations did not consider a physician's assistant as an "acceptable medical source." *See* 20 C.F.R. § 416.902(a)(8). Instead, physician's assistants

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 13**

were defined as "other sources," and were not entitled to the same deference as an "acceptable medical source." *Molina*, 674 F.3d at 1104. The ALJ may discount testimony from these "other sources" if the ALJ "gives reasons germane to each witness for doing so." *Id.*

ALJ Palachuk gave several germane reasons for discounting Mr. Aronsohn's opinions. First, the ALJ discounted Mr. Aronsohn's opinion that Mr. McClure's limitations existed since August 2003, because Mr. Aronsohn did not treat Mr. McClure in 2003—he treated Mr. McClure nine years later. AR 33.

Second, the ALJ found Mr. Aronsohn's opinion that Mr. McClure needed to lay down and elevate his legs was not consistent with the record as a whole. AR 33. While Plaintiff argues ALJ Palachuk does not cite to any treatment reports that are inconsistent with the finding, there does not appear to be any evidence consistent with the limitation either.

Finally, ALJ Palachuk discounted Mr. Aronsohn's opinion because it is significantly more restrictive than that of Dr. Tolley, who, as a licensed physician, has more expertise and training. AR 33. It is entirely reasonable and appropriate for the ALJ to have discounted the opinion of a physician's assistant when it is more restrictive than that of the treating physician.

ALJ Palachuk provided germane reasons for discounting Mr. Aronsohn's opinions. Therefore, the Court finds no error.

**The ALJ Did Not Err in Discrediting Mr. McClure's Symptom Claims**

Plaintiff also claims the ALJ improperly discounted Mr. McClure's testimony concerning the severity of his impairments. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^** 14

alleged.'" *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). In this analysis, the claimant is not required to show "that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of that symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Nor must a claimant produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id*.

If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons to do so." *Id.* at 1281.

### i. Mr. McClure's Testimony

At the first hearing, Mr. McClure made the following statements concerning the severity of his alleged physical and mental symptoms:

- He is unable to work since October 2011 due to his low back pain that persists all day long;
- The pain in his back is so severe that he is unable to straighten up enough to ambulate from the bathroom to his bedroom;
- He is able to stand for only five to ten minutes, and he must lie down daily for six hours;
- His energy level is not good; and
- He experiences depression, has suicidal thoughts, and experiences anger easily.

AR 28. At the second hearing, Mr. McClure stated the following:

- He ambulates with the assistance of a cane and a back brace;
- The severity of his back pain causes him to argue with others;
- His concentration level has deteriorated to the point that he has difficulties watching movies and cannot read a book.

AR 28. Mr. McClure also completed a function report where he describes how the severity of his back pain and mental health issues have affected his daily life. AR 278-85.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 15**

### ii. ALJ Palachuk's Credibility Determination

ALJ Palachuk determined Mr. McClure satisfied the first step in this inquiry. AR 28. However, she found Mr. McClure's statements concerning the intensity, persistence, and limiting effects of these symptoms not entirely credible for the following reasons.

First, the ALJ found that the objective medical evidence did not corroborate the severity of the symptoms alleged. AR 28. An ALJ must consider objective medical evidence when determining the intensity and persistence of a claimant's alleged symptoms. 20 C.F.R. § 416.929(c)(2). An ALJ will not reject a claimant's statements about the intensity and persistence of the pain "solely because the available medical evidence does not substantiate [a claimant's] statements." *Id.*; *see also Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider in his credibility analysis"). ALJ Palachuk cites the medical treatment reports that show generally unremarkable spinal findings. AR 447, 412. The ALJ found these treatment reports did not substantiate Mr. McClure's allegations of severe back pain.

Second, the ALJ found Mr. McClure's noncompliance with prescribed treatment as a reason for finding his testimony unreliable. Noncompliance with a prescribed course of treatment constitutes a "specific, clear and convincing reason" for discounting a claimant's symptom claims. *See Fair*, 885 F.2d at 603.

In this case, the ALJ found Mr. McClure was not complying with two forms of treatment. First, Mr. McClure was not taking pain medications, as prescribed. Mr. McClure was prescribed Vicodin to take three times daily based on imaging results and complaints of back pain. AR 62; 676. However, a drug screening report in May 2015 revealed no opiates in his system. AR 676. ALJ Palachuk interpreted this to mean Mr. McClure was not experiencing the level of pain he alleges. AR 29. Second, treatment reports indicated Mr. McClure was not complying with his diabetes treatment. For example, in an October 2011 treatment report, Dr. Tolley noted Mr. McClure "has very

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 16**

poor compliance with his diabetes," and that he "does not routinely check his blood sugars." AR 434. While there are a number acceptable reasons for not complying with treatment, *see, e.g.*, 20 C.F.R. § 404.1530(c); *Gallant v. Heckler*, 753 F.2d 1450, 1455 (9th Cir. 1984), Plaintiff does not offer any.

Finally, the ALJ found Mr. McClure's daily activities undermine his claims of debilitating physical and mental symptoms. Testimony about a claimant's daily activities can serve as a clear and convincing reason to discredit a claimant's testimony. *Fair*, 885 F.2d at 603. In this case, Mr. McClure denied having difficulty with activities such as bathing, grooming, dressing himself, cooking, cleaning, laundry, and grocery shopping. AR 533. Mr. McClure also reported he was able to manage his finances, including paying bills, counting change, handling a savings account, and using a checkbook or money order. AR 281.

Plaintiff argues these activities do not show Mr. McClure is capable of maintaining gainful employment. While that may be true, the ALJ identified Mr. McClure's daily activities for a different purpose. ALJ Palachuk used Mr. McClure's daily activities in order to evaluate the credibility of his symptom claims; not to determine whether he is capable of gainful employment.

The Court finds ALJ Palachuk offered "specific, clear and convincing reasons" for discrediting Mr. McClure's symptom claims. *Smolen*, 80 F.3d at 1281. Thus, the Court finds no error.

**The Hypothetical Posed to the Vocational Expert Included All of the Limitations The ALJ Found Credible and Supported by Substantial Evidence.**

Plaintiff contends the ALJ erred at step five of the sequential evaluation process. At step five, the burden shifts to the Commissioner to prove the claimant is able to perform other work in the national economy, taking into account claimant's age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520(g). To meet this burden, the Commissioner must establish (1) the claimant is capable of performing other

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^** 17

work; and (2) such work exists in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

A vocational expert may appropriately testify as to whether employment opportunities exist in significant numbers in the national economy, given the claimant's residual functional capacity, age, education, and work experience. *Magallanes*, 881 F.2d at 756. Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant. *Id*. If a hypothetical does not reflect all of the claimant's limitations, it is without evidentiary value to support a finding that the claimant can perform jobs in the national economy. *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) (citing *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988)).

Plaintiff contends the vocational expert's opinion is without evidentiary value because the hypothetical failed to account for the impairments set forth by Dr. Cash, Dr. Burdge, Dr. Tolley, Dr. Nguyen, and Dr. Aronsohn. In other words, Plaintiff restates his argument that ALJ Palachuk improperly discounted medical opinion testimony. As set forth above, ALJ Palachuk did not commit error in discounting the medical opinion testimony.

The hypothetical ALJ Palachuk posed to the vocational expert contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record. Therefore, the ALJ's reliance on the vocational expert's testimony was proper. *See Magallanes*, 881 F.2d at 756-57 (holding that it is proper for an ALJ to limit a hypothetical to restrictions supported by substantial evidence in the record).

## CONCLUSION

Having reviewed the administrative record and ALJ Palachuk's findings, the Court finds ALJ Palachuk's decision is supported by substantial evidence and free from legal error.

//

//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^ 18**

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

3. The decision of the Commissioner denying benefits is **affirmed**.

4. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

The District Court Executive is directed to enter this Order, provide copies to counsel, enter judgment, and **close the file**.

**DATED** this 17th day of January 2018.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ^** 19